UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Andrew Storck,

          Plaintiff,        Case No. 24-11384

v.                               Judith E. Levy
                                United States District Judge

Law Enforcement, *et al.*,

                                Mag. Judge Elizabeth A.
          Defendants.    Stafford

_____/

### ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2], DISMISSING THE CASE WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION [3] AS MOOT

Plaintiff David Andrew Storck initiated this *pro se* lawsuit with a complaint dated May 1, 2024, against Defendants "Law Enforcement," Detroit Edison Energy Company, "Attorneys, Lawyers & Hospitals," and "Secretary of State."[1] (ECF No. 1, PageID.2–3.) Plaintiff also filed an application to proceed without prepaying fees or costs (also referred to as proceeding *in forma pauperis*) (ECF No. 2), and a motion that requests

---

[1] In another part of the complaint, Plaintiff listed as Defendants, "[e]veryone that was involved, Law Enforcement, Doctors, Lawyers, Attorneys, The State of Michigan, Judges, People, Allen Park." (ECF No. 1, PageID.1.)

that the Court docket an order that "goes well for my health & safety as well as gives me my rights back." (ECF No. 3.)

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff's application indicates that he receives $908.00 per month in disability income, and has no cash or money in a checking or savings account. (*See* ECF No. 2, PageID.15–16.) Plaintiff also indicates that he is not currently employed and does not have any other sources of income. (*Id.*) Given Plaintiff's lack of financial resources and limited discretionary income, the Court finds that Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1), and his application to proceed without prepayment of fees is granted.

Because Plaintiff has been granted permission to proceed *in forma pauperis*, the Court must screen his complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-

1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true in [*pro se*] complaints that are reviewed for frivolousness." *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citations omitted).

The Court concludes that Plaintiff's complaint is frivolous because it lacks an arguable basis in fact or law. In his complaint, Plaintiff alleges that he is being harmed by a "Filmore substation attack," in which

3

"people [ ] are getting ahold of a Filmore substation with a computer or phone" and that they "creat[e] Gas <u>Beams</u> to control, hurt or could be Death towards someone including Myself."[2] (ECF No. 1, PageID.4, 7.) He also claims,

> 1 – I was rapped 3 times on 3 separate occasions and I don't remember where.
> 2 – I was also shot & stabbed, abused and humiliated. I have had my leg broken have had surgery on that plus proof. I will also need surgery on my groin, if I can get that.
> 3 – I mean I've been hit so my times with that substation its unreal.

(*Id.* at PageID.5.) Plaintiff seeks an unspecified amount of money, and states that he "want[s] those gas beam's that everyone made happen pulled off of me because Im still stuck to the substation it-self" and that he would like "my Driver's license back." (*Id.* at PageID.6.)

Plaintiff does not specify the law or laws that Defendants allegedly violated. Additionally, his complaint does not contain any plausible allegations that Plaintiff has been harassed or harmed by any of the Defendants. Finally, Plaintiff has not established a basis for the Court's subject matter jurisdiction. As such, the Court dismisses the case as frivolous under § 1915(e)(2)(B).

---

[2] The Court notes that all errors in quotes are left uncorrected.

For the reasons set forth above, Plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is GRANTED. The case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion (ECF No. 3) is DENIED as MOOT.

Because Plaintiff's complaint is frivolous, the Court certifies that an appeal of this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith if the issue presented is frivolous).

IT IS SO ORDERED.

Dated: June 4, 2024       s/Judith E. Levy  
Ann Arbor, Michigan      JUDITH E. LEVY  
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2024.

                                           s/William Barkholz  
                                           WILLIAM BARKHOLZ  
                                           Case Manager